IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEROME MCKNIGHT,

    **Plaintiff,**

    v.                          CASE NO. 21-03030-SAC

**DOUGLAS COUNTY CORRECTIONAL FACILITY,**

    **Defendant.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Jerome McKnight is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in plaintiff's complaint that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff filed this pro se civil action pursuant to 42 U.S.C. § 1983 while he was an inmate of the Douglas County Correctional Facility (DCCF). (Doc. 1, p. 1.) As the factual background for this complaint, Plaintiff alleges that on May 27, 2019, while he was incarcerated, his hand was broken.

As Count I of his complaint, Plaintiff claims that the DCCF delayed his medical care. As supporting facts for this claim, he specifically alleges that after it was confirmed that his hand was broken, he was placed in segregation. Although he initially was told he would be taken to the hospital, he later was told that a

1

staff shortage meant he could not go to the hospital. Instead, he was given Tylenol for his pain and a bag of ice "laced with pepper spray." Two days later, Plaintiff received an appointment at Kansas Orthopedics. (Doc. 1, p. 3.)

As Count II, Plaintiff claims that he received inadequate medical care. In support, he alleges that the Tylenol he received was ineffective for his pain and the pepper spray lacing the ice bag he was given irritated his eyes. (Doc. 1, p. 3.)

As Count III, Plaintiff claims that he experienced and continues to experience pain and suffering due to the inadequate and delayed medical care. In support, he alleges that he suffers constant pain in the hand that was broken, he has a diminished range of motion in that hand, he feels discomfort upon extended use of that hand, and his discomfort since the incident has prevented him from sleeping well. (Doc. 1, p. 4.) Plaintiff's request for relief includes punitive and actual money damages as well as a court order directing the DCCF to change its policies and provide more proactive medical care. (Doc. 1, p. 5.)

## II. Screening Standards

Because Mr. McKnight was a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant

immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

**III. Discussion**

   **A. Failure to State a Claim**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The decisions in *Twombly* and *Erickson* created a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Under this new standard, courts determine whether a plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *Smith*, 561 F.3d at 1098 (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the

4

plaintiff has not met his or her burden. *Robbins*, 519 F.3d at 1247 (citing *Twombly*, at 1974).

As noted, to state a claim under § 1983, Plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States." This action is subject to dismissal because Plaintiff has not adequately alleged a federal constitutional violation. Plaintiff makes no reference to any federal constitutional provision or federal law in his complaint. He may believe that the United States Constitution was violated but simply failed to specify the constitutional provision. However, the court is not free to "construct a legal theory on a plaintiff's behalf." Thus, this action is subject to dismissal for failure to state a claim on which relief may be granted.

The Court will grant Plaintiff an opportunity to file an amended complaint in which he identifies the specific constitutional provision or provisions he believes was violated.

**B. Improper Defendant**

Plaintiff names the DCCF as the only defendant. Jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1989) (holding that neither state nor state agency is a "person" which can be sued under Section 1983); *Davis v. Bruce*, 215 F.R.D. 612, 618 (D. Kan. 2003), *aff'd in relevant part*, 129 F. App'x 406, 408 (10th Cir.

5

2005). Thus, this action is subject to dismissal because the sole defendant, the DCCC, is not a "person" suable under § 1983/subject to suit for money damages under § 1983.

The Court will grant Plaintiff an opportunity to file an amended complaint in which he names a proper defendant or defendants. Plaintiff is required to name any defendant not only in the caption of the complaint, but again in the body of the complaint and include in the body of the complaint a description of the acts taken by each individual defendant that violated plaintiff's federal constitutional rights. Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

**C. Damages**

Punitive damages are available in a § 1983 lawsuit. However, they "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles*, 251 F.3d at 879; (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Plaintiff has not alleged facts demonstrating such intent or indifference.

**IV. Response and Amended Complaint Required**

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety. The Court grants Plaintiff the opportunity to explain, in writing, why this action should not be dismissed for failure to exhaust administrative remedies. Plaintiff also is given the opportunity to file a complete and proper Amended Complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is given time to file a complete and proper Amended Complaint in which he (1) identifies only proper defendants;(2) identifies the particular federal constitutional right he believes was violated; (3) alleges sufficient facts to state a claim of federal constitutional violation and show a cause of action in federal court; and (4) alleges sufficient facts to show personal participation by each named defendant. If he does not file an Amended Complaint within the prescribed time that cures all the deficiencies discussed

---

[1] In order to add claims, significant fact allegations, or change defendants, a plaintiff must submit a complete Amended Complaint. See Fed.R.Civ.P. Rule 15. An Amended Complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the Amended Complaint are no longer before the court. Plaintiff may not simply refer to an earlier pleading, and the Amended Complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those to be retained from the original complaint. Plaintiff must write the number of this case (21-3030) at the top of the first page of his Amended Complaint. He must name every defendant in the caption of the Amended Complaint. *See* Fed.R.Civ.P. Rule 10). He should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

herein, this matter will be decided based upon the current deficient complaint.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **July 25, 2021** to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why plaintiff's complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff may file a complete and proper Amended Complaint to cure all the deficiencies discussed herein. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED: This 25th day of June, 2021, at Topeka, Kansas.

**s/ Sam A. Crow**
SAM A. CROW
U.S. Senior District Judge