**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JEROME MCKNIGHT,**

                  **Plaintiff,**

      v.                                          CASE NO. 21-3030-SAC

**DOUGLAS COUNTY CORRECTIONAL FACILITY,**

                  **Defendant.**

## MEMORANDUM AND ORDER

    This matter is a civil rights action filed under 42 U.S.C. § 1983. For the reasons given below, the Court dismisses the case without prejudice.

    Plaintiff filed this pro se civil action on January 27, 2021, while he was an inmate of the Douglas County Correctional Facility. The complaint named the Douglas County Correctional Facility (DCCF) as the sole defendant and asserted claims that he received unconstitutionally delayed and inadequate medical care after he suffered a broken hand. As relief, Plaintiff sought punitive and actual money damages, as well as injunctive relief.

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state

a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

After screening Plaintiff's complaint, the Court issued a memorandum and order to show cause dated June 25, 2021, that explained the following: (1) DCCF was not a proper defendant to a § 1983 action; (2) if Plaintiff intended to name an individual as defendant, he was required to name each defendant in the caption and the body of the complaint, allege each defendant's personal participation, and explain how each defendant's actions resulted in a constitutional violation; (3) punitive damages are available in a § 1983 action "only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others,'" *see Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001)(quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)); and (4) Plaintiff had failed to allege sufficient facts to support a claim for punitive damages. The Court granted Plaintiff until July 25, 2021, to show good cause, in writing, why his complaint should not be dismissed or to file an amended complaint correcting the identified deficiencies.

Plaintiff has filed neither a response to the memorandum and order to show cause nor an amended complaint. Accordingly, the Court will dismiss this action without prejudice.

**IT IS, THEREFORE, BY THE COURT ORDERED** that this action is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 16th day of August, 2021, at Topeka, Kansas.

                                          **s/ Sam A. Crow**
                                          SAM A. CROW
                                          U.S. Senior District Judge

3