IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JEROME McKNIGHT,**

    **Plaintiff,**

    v.                                        **CASE NO. 21-3030-SAC**

**DOUGLAS COUNTY CORRECTIONAL FACILITY,**

    **Defendant.**

## ORDER

Plaintiff brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. On June 25, 2021, the Court entered a Memorandum and Order and Order to Show Cause (ECF No. 7) ("MOSC"), granting Plaintiff until July 25, 2021, in which to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC. Plaintiff filed no response to the MOSC, and the Court dismissed this case without prejudice on August 16, 2021 (ECF Nos. 8, 9). This matter comes before the Court on Plaintiff's motion to reopen and to appoint counsel (ECF Nos. 11, 12) filed on October 13 and October 18, 2021.

Plaintiff's request to reopen this case states that he did not get the Court's last letter because he changed addresses. Plaintiff provides no argument as to why his case should be reopened two months after it was dismissed and the case was closed. Moreover, Plaintiff fails to address the deficiencies set forth in the MOSC. Plaintiff has set forth no argument as to why he should receive relief under Fed. R. Civ. P. 60(b). *See Delgrego v. Taylor*, No. 4:11cv180-RH/WCS, 2012 WL 1365971, at *1 (N.D. Fla. April 19, 2012) (denying motion to reopen where plaintiff failed to meet Rule 60(b) requirements and stating that "[t]he task of managing the district's substantial volume of prisoner cases is difficult enough without allowing a prisoner to abandon and then reinstate a

claim for no reason other than a change of mind."). The Court denies the request to reopen this case. Plaintiff's case was dismissed without prejudice to refiling any claims he seeks to pursue.

Plaintiff also asks the Court to appoint an attorney to represent him. He states he has contacted 10 to 15 attorneys about his case and has received no response.

There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes that (1) Plaintiff's case is closed; (2) when the case was open, the Court found Plaintiff had not asserted a colorable claim against a named defendant; (3) the issues were not overly complex; and (4) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies Plaintiff's motions for the appointment of counsel.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's pending motions (ECF Nos. 11 and 13) are **denied.**

**IT IS SO ORDERED**.

**Dated October 22, 2021, in Topeka, Kansas.**


<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**